## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEMETRICE DAILEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-CV-01401 RHH |
| DIAMOND GORDON, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Notice of Removal filed by respondent Diamond Gordon, ECF No. 1, and Gordon's motion to proceed in forma pauperis, ECF No. 2. Upon review of respondent's motion to proceed in forma pauperis, the Court finds that respondent Gordon is financially unable to pay the full filing fee and will grant the motion. However, after reviewing the Notice of Removal, and for the reasons explained below, the Court finds that it lacks subject matter jurisdiction and will remand this matter to the Circuit Court for the City of St. Louis.

### Background

Respondent Diamond Gordon filed her Notice of Removal on September 16, 2025, seeking to remove ongoing custody proceedings from St. Louis City Court. The Notice of Removal is made up of a Memorandum in Support of the Notice of Removal and a copy of an Amended Temporary Custody Order issued on September 8, 2025, by Judge Heather J. Hays, Circuit Judge in St. Louis City, the 22nd Judicial Circuit, relative to the parties' minor child, Z.D.[1]

---

[1] Z.D. was represented by a Guardian ad Litem in the underlying State Court action.

**A. Underlying State Court Action in St. Louis City Court**

The underlying state court action relates to a custody matter that originated in St. Louis City Court on or about July 22, 2024. *See Dailey v. Gordon*, No 2422-FC01196 (22nd Jud. Cir., St. Louis City Court).[2] On September 8, 2025, Judge Hays issued an Amended Temporary Custody Order finding that it was in the best interest of the parties' minor child, Z.D., to award temporary sole legal and physical custody to petitioner Demetrice Dailey, as Judge Hays had previously outlined in a July 21, 2025, Order for Temporary Custody.[3] The Court further ordered:

- Minor child should attend school during the 2025-2026 school year at the St. Louis City Garden Montessori School until further order of the Court;

- All communication should take place between the parties on Our Family Wizard;

- The minor child could communicate with respondent either through Our Family Wizard or through petitioner's cell phone any time outside school hours before 9:00 p.m.;

- Respondent is allowed to have supervised visitation with minor child at the Mediation Unit in St. Louis, Missouri, based on the availability therein, but cannot take the minor child back to Texas with her.

Judge Hays also denied respondent's "Motion to Return Child Home" as well as her "Motion for School Choice." *See id*.

Because it is relevant to the instant action, this Court takes judicial notice of another custody case respondent was involved in at the same time as the one she is currently litigating

---

[2]This case has been sealed, and the Court is unable to access the docket on Missouri Case.Net. However, the Court can see the date that it was filed, as well as the notation that it is a custody/family court matter.

[3]Respondent has failed to provide the full court docket in violation of 28 U.S.C. § 1446(a). Thus, the Court does not have a copy of Judge Hays' prior orders in this matter.

2

against petitioner Demetrice Dailey. *See Edwards v. Edwards*, No. 1222-FC00276-02 (22nd Jud. Cir., St. Louis City Court).[4]

On May 15, 2023, Darmond Edwards, Diamond Gordon's ex-husband, brought a motion seeking to modify his custodial time with the minor child he and respondent shared – N.E. The parties had been granted a dissolution of marriage in January of 2013, and originally, they had been granted joint legal and physical custody of the minor child. *See id*; *see also* Judgment entered on December 13, 2024, by Circuit Judge Craig K. Higgins.

Due to various issues between the parties, there had been a breakdown of custodial relations between Darmond Edwards and Diamond Gordon. According to Judge Higgins in the Judgment entered on December 13, 2024, respondent had been a resident of the State of Missouri for ninety (90) days preceding the commencement of the action in front of the St. Louis Circuit Court. However, she moved to Texas at the end of July 2024, with both N.E. and Z.D., without notifying either Darmond Edwards or Demetrice Dailey.[5] This occurred approximately two and a half weeks after respondent's trial[6] in *Edwards v. Edwards*, No. 1222-FC00276-02 (22nd Jud. Cir., St. Louis City Court), but prior to the Court's judgment. This also occurred immediately after Z.D.'s father, petitioner Demetrice Dailey, filed the family court matter in St. Louis City Court on July 22, 2024.

---

[4]Respondent's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

[5]Judge Higgins noted in the judgment that although respondent testified that she moved to Texas within two and a half weeks after trial in the case, her children testified that the move occurred on or about the first of August 2024.

[6]Respondent was represented by counsel at trial and in post-trial proceedings.

*See Dailey v. Gordon*, No 2422-FC01196 (22nd Jud. Cir., St. Louis City Court). With respect to respondent's move to Texas, Judge Higgins found:

> Although Respondent first testified that she had no intention to relocate her residence, within a few weeks of said testimony, she relocated her residence to Texas. She then continued to try to hide said relocation from the Court for months thereafter.

*See id*, page 22 of the Judgment entered on December 13, 2024 in *Edwards v. Edwards*, No. 1222-FC00276-02 (22nd Jud. Cir., St. Louis City Court).

The issue of respondent's move to Texas and the judicial findings in Missouri state court relative to her move appears relevant to the instant case because of respondent's claims for removal in the instant action. *See infra*.

### B. Respondent's Claims Supporting Removal of this Action

In her Memorandum in Support of removal, respondent asserts that the Court has jurisdiction over this matter under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A.[7] She asserts that after removal of this action she would like to transfer this matter to the "appropriate federal district where the lawful custodial parent and minor reside."

---

[7] Respondent has not discussed in her Memorandum in Support the Uniform Child Custody Jurisdiction Act (UCCJA), which is codified in Missouri State law under Missouri Revised Statutes 452.440-452.550. Under the UCCJJA, a Circuit Court's subject matter jurisdiction is based upon circumstances existing at the time the court's jurisdiction is invoked. *See Gosserand v. Gosserand*, 230 S.W.3d 628, 631 (Mo.App. W.D.2007). And Missouri Revised Statute § 452.450.1 lists the following four bases upon which a Missouri court may have jurisdiction to make a child custody determination: (1) Missouri is or was the child's "home state" within the last six months; (2) it is in the best interests of the child for Missouri to have jurisdiction because both evidence and a "significant connection" are in Missouri; (3) the child is physically present in Missouri and has been either abandoned or faces an emergency; or (4) no other state has jurisdiction. Mo.Rev.Stat. § 452.450.1(1)–(4); *see also Reisinger v. Reisinger,* 125 S.W.3d 879, 881–82 (Mo.App. E.D.2004). Further, § 452.450.1(1) states that a Missouri court which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if Missouri:

> (a) Is the home state of the child at the time of commencement of the proceeding; or
> (b) Had been the child's *home state* within six months *before commencement of the proceeding* and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state (emphasis added).

4

In the Memorandum in Support, respondent claims that she is the lawful parent of Z.D., who:

> has resided primarily in Texas (with the mom) and had no substantial ties to Missouri absent an Ex Parte Order based on misstatements and misleading information self-serving in nature without objectivity or neutral evaluation, sufficient to satisfy federal or state jurisdictional requirements.
> . . .
> 7. The child involved resided in Texas for more than six consecutive months prior to the initiation of proceedings in state court.
>
> 8. [Respondent] was not properly notified of the out-of-state proceedings and was denied a meaningful opportunity to be heard prior to removal from the state and school, violating 28 U.S.C. § 1738A(e).
>
> 9. The improper assertion of jurisdiction has resulted in irreparable harm, confusion of custodial rights, and impairment of the federal supremacy framework regulating inter-state custody disputes.

[ECF No. 1 at 2-3].

Respondent asserts that the Amended Temporary Custody Order issued on September 8, 2025, by Judge Heather J. Hays is defective because Missouri is not her "home state," it did not have jurisdiction over her or Z.D. and she was denied an opportunity to be heard in the custody proceedings. After retention of jurisdiction in federal court, respondent asks that this matter be transferred to an unnamed district court in Texas where she resides.

## Discussion

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint

---

Section 452.445(4) defines "home state" as:

> the state in which, immediately preceding the filing of custody proceeding, the child lived with his parents, a parent, an institution; or a person acting as parent, for at least six consecutive months; or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

5

or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a petitioner who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In conducting this review, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, as explained below, the Court finds this case is improperly removed because the removal is procedurally defective, and the Court lacks subject matter jurisdiction over the underlying state court proceedings.

### A. Respondent Gordon's Removal is Procedurally Defective

First, under 28 U.S.C. § 1446(b)(1), as relevant here:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

It appears the family court proceedings involving the parties began in the Circuit Court on or about July 22, 2024. Thus, even if nothing else was procedurally wrong with the removal, the Notice of Removal would still have been filed approximately twelve months too late, on September 16, 2025.[8]

Additionally, the Court notes that a respondent desiring to remove a case to federal court, pursuant to 28 U.S.C. § 1446(a), is required to file in the district court, not only a copy of her notice of removal, but also:

> a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders* served upon such defendant or defendants in such action. (emphasis added)

---

[8]By this Court's calculations, 421 days have passed between the two dates.

6

Respondent failed to file the state court record in this matter, making the removal procedurally inadequate. As a result, the Court has been unable to ascertain the events that led up to Judge Hays' September 8, 2025 Amended Temporary Custody Order. And it appears that much was decided by Judge Hays, including her jurisdiction over the parties and the case, prior to the order entered on September 8, 2025.[9]

Additionally, in her Amended Temporary Custody Order, Judge Hays states that her order is also taken as a "Motion for Reconsideration of the Court's July 21, 2025 Order for Temporary Custody." As such, it is apparent that Judge Hays made a finding as to custody in mid-July of 2025. This Court was not provided with that order as part of the Notice of Removal. Nor was the Court provided copies of the Circuit Court record filed between July 22, 2024 and the Amended Temporary Custody Order that was issued on September 8, 2025. Based on the aforementioned, the Court finds respondent's removal to be procedurally defective.

### B. This Court Lacks Subject Matter Jurisdiction Over Respondent Gordon's Notice of Removal

In addition to the procedural defects in respondent Gordon's Notice of Removal, the Court finds that removal is improper because the Court lacks subject matter jurisdiction over the child custody issues at the center of the underlying state court proceeding. A requirement for removal is that the federal district court have subject matter jurisdiction over the case sought to be removed. *See* 28 U.S.C. § 1441(a). It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). With respect to such family law matters, the domestic relations exception divests the federal courts of jurisdiction over a narrow

---

[9]The Court believes this due to respondent's in insistence in her Memorandum in Support that Missouri is not her "home state."

7

range of cases implicating domestic relations issues, such as divorce, allowance of alimony, child custody, and child support. *See Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013).

Here, the substance of the state court case respondent seeks to remove is the care and custody of the minor child, Z.D., and respondent ultimately seeks to have this Court decide who should have custody of, and visitation rights with, Z.D. As such, the state court would be better equipped to handle the issues that have arisen during the custody proceedings concerning Z.D. *See Overman v. U.S.,* 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension.... Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts." (cleaned up)). Accordingly, this Court lacks subject matter jurisdiction over this proceeding, and this case should be remanded to the state court. *See* 28 U.S.C. § 1447(c) (If district court lack subject matter jurisdiction, "the case shall be remanded."); *see also Wake Cnty. Hum. Servs. v. Davis*, No. 5:12-CV-413-BO, 2012 WL 7856618, at *2 (E.D.N.C. Oct. 24, 2012), *report and recommendation adopted,* No. 5:12-CV-413-BO, 2012 WL 7856619 (E.D.N.C. Dec. 12, 2012) (remanding child custody case to state court for lack of subject matter jurisdiction under domestic relations exception); *Hickey v. Daniels*, No. 06-CV-6838 JFB WDW, 2007 WL 2028140 (E.D.N.Y. Jan. 26, 2007) (remanding removal of child custody proceeding for lack of jurisdiction pursuant to domestic relations exception).

Although plaintiff asserts that the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, applies in this case, the Notice of Removal belies her assertions. The PKPA is a federal statute that requires states to afford full faith and credit to valid child custody determinations made in other states' courts. There is no indication that it provides a private right of action in federal

court. *See Thompson v. Thompson*, 484 U.S. 174, 187 (1988) ("In sum, the context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid."). Accordingly, respondent has failed to state a claim pursuant to the PKPA.[10]

Moreover, respondent has not argued that the PKPA applies because Texas has issued a valid court order with respect to her custodial rights over Z.D., let alone that this order was made prior to the custody orders issued by Judge Hays in Missouri. Thus, there is no indication that the PKPA applies in this instance.

Furthermore, this Court notes that respondent's assertions as to her and Z.D.'s "home state" of Texas and the lack of jurisdiction of the St. Louis Circuit Court to issue a custody order in the

---

[10]The PKPA provides that once a state exercises jurisdiction consistently with its provisions, no other state may exercise concurrent jurisdiction over the custody dispute. 28 U.S.C. § 1738A(g). The authorities of every state shall enforce the custody decree and shall not modify it except as provided in subsection (f) of the PKPA. 28 U.S.C. § 1738A(a). Accordingly, the PKPA "'anchor[s] exclusive modification jurisdiction in the original home state as long as the child or one of the contestants remain in that state.'" *Russell v. Ruth*, 115 S.W.3d 404, 407 (Mo.App. S.D.2003). The PKPA thus preserves to the original decree state the sole prerogative to modify that determination, if any modification would also be valid under its own law and either the child or a contestant continues to live there. It explicitly limits when a state, which would otherwise have jurisdiction over a child custody dispute, must defer to the state that originally issued the custody order. *Id.* In *Meade v. Meade*, the Fourth Circuit Court of Appeals summarized the PKPA's terms regarding modification of foreign custody decrees as follows:

> The effect of §§ 1738A(d) and 1738A(f) is to limit custody jurisdiction to the first state to properly enter a custody order, so long as two sets of requirements are met. First, the PKPA defines a federal standard for continuing exclusive custody jurisdiction: the first state must have had proper initial custody jurisdiction when it entered its first order (according to the criteria in the Act) and it must remain 'the residence of the child or any contestant' when it later modifies the order. Second, the Act incorporates a state law inquiry: in order to retain exclusive responsibility for modifying its prior order the first state must still have custody jurisdiction as a matter of its own custody law.

*Meade v. Meade*, 812 F.2d 1473, 1477 (4th Cir.1987).

underlying matter is not borne out by the findings of fact made by Judge Higgins in *Edwards v. Edwards*, No. 1222-FC00276-02 (22nd Jud. Cir., St. Louis City Court).[11]

Respondent's "due process" arguments presumably brought pursuant to 28 U.S.C. § 1443, fair no better in this instance.

**C. Respondent Gordon's Removal is Improper Under 28 U.S.C. 1443(1)**

To the extent respondent seeks removal of the state court proceeding pursuant to 28 U.S.C. § 1443(1), she does not meet the requirements for removal under that statute. Section 1443 provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof ....

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a removal petitioner, like respondent, first "must show that [s]he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "it must appear that the right allegedly denied the removal petitioner arises under a federal law

---

[11]In *Edwards v. Edwards*, No. 1222-FC00276-02 (22nd Jud. Cir., St. Louis City Court), Judge Higgins had a trial on custody issues relative to one of respondent's minor children with her ex-husband, Darmond Edwards. The trial in that matter took place on July 18, 2024. And the matter was reopened for additional discovery and testimony because of respondent's move after that time. Judge Higgins reviewed the matter of respondent's move to Texas and all available evidence relative to respondent's move. He found that it occurred approximately two and a half weeks after the trial on July 18, 2024, according to respondent's own testimony. He also found that up until that time, respondent and her children, both N.E. and Z.D. had lived in Missouri, gone to school in Missouri, had family ties in Missouri, and had visitation with their fathers in Missouri. As noted above, petitioner Demetrice Dailey filed his family court matter in St. Louis City Court on July 22, 2024.

'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Accordingly, "[s]ection 1443 applies only to denials of specific rights of racial equality and not the whole gamut of constitutional rights." *U.S. ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978). Respondent has not provided her race in the Notice of Removal or Memorandum in Support. Nor has respondent made any arguments in the Notice of Removal or supporting Memorandum that she was discriminated against in state court based on her race. Therefore, § 1443 does not apply. Nonetheless, the Court will address the remaining portions of § 1443.

Secondly, under § 1443, a removal petitioner must also show that she is denied or cannot enforce such rights in the state court. *Johnson*, 421 U.S. at 219–20. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* at 219 (internal citation omitted) (quoting *Rachel*, 384 U.S. at 799, 803). It is only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will be inevitably denied by the very act of bringing the defendant to trial in the state court" that removal is proper. *Id*. at 220 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). As the Supreme Court explained in *Peacock*, the bar is high for civil rights removal:

> It is not enough to support removal under [section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be denied or cannot enforce in the courts of the State any right under a federal law providing for equal civil rights.

11

*Peacock*, 384 U.S. at 827–28 (internal quotation omitted).

Here, respondent fails to meet the stringent requirements for removal under 28 U.S.C. § 1443(1). In her Notice of Removal, respondent generally alleges violations of her due process rights. She states that she lacked the opportunity to be heard on the custodial matters relating to Z.D.; however, in the first paragraph of the Amended Temporary Custody Order Judge Hays states that "Respondent appeared in person." Additionally, Z.D. was represented by a Guardian ad Litem in the custody proceedings, and respondent filed several motions in state court as indicated in the order issued by Judge Hays.

Respondent's allegations fail to show, as required under § 1443, that a state law prevents her from raising any federal claims in state court. "Nor does [s]he show the basis for an 'equally firm prediction' that [s]he cannot protect any federal rights in state court," either in the trial court or through the state appellate process. *Green v. Green*, No. 13-CV-332 SRN/LIB, 2013 WL 5503722, at *3 (D. Minn. Oct. 3, 2013), *aff'd*, No. 13-3547 (8th Cir. Jan. 23, 2014) (finding removal petitioner's allegations of "his rights ... to be free 'from racial discrimination,' 'to enforce contracts with the same freedom as enjoyed by similarly white citizens,' and to have 'due process of law and equal protection of the laws'" insufficient to support removal of child support proceedings under 28 U.S.C. § 1443(1)). In sum, respondent does not allege a proper basis for removal under 28 U.S.C. § 1443(1).

**Conclusion**

Respondent Gordon cannot remove the child custody proceedings regarding Z.D. to this Court as her Notice of Removal is procedurally defective, 28 U.S.C. § 1443(1) does not provide a proper basis for removal of the state court proceeding, and this Court lacks subject matter

jurisdiction over the underlying state court child custody matter. Accordingly, the Court will remand this matter back the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that respondent Diamond Gordon's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that respondent Diamond Gordon's request to remove this action to this Court is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis. *See Dailey v. Gordon*, No 2422-FC01196 (22nd Jud. Cir., St. Louis City Court).

Dated this 25th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE
